UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO RANGEL RODRIGUEZ<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 02CR3220-W<br>13CV491-W<br><br>**ORDER (1) DENYING MOTION FOR HABEAS CORPUS UNDER 28 U.S.C. § 2255 [DOC. 256] AND (2) CERTIFICATE OF APPEALABILITY** |

Pending before the Court is Petitioner Armando Rangel Rodriguez's motion to vacate his sentence under 28 U.S.C. § 2255 (the "Motion"). The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d)(1). For the following reasons, the Court **DENIES** Petitioner's Motion [Doc. 256] and a certificate of appealability.[1]

I. BACKGROUND

On December 4, 2002, a ten-count Indictment was filed against Rangel charging him with alien smuggling offenses on two different dates: March 26, 2002 and June 12,

---

[1] Petitioner's reply in support of his motion was incorrectly filed as a separate motion to vacate. (See Doc. 268.)

2002.  On July 3, 2003, Rangel was convicted on all counts.  He appealed, and the Ninth Circuit reversed the conviction.  Rangel was then retried, again convicted on all counts, and sentenced to 188 months in custody.

Rangel appealed for a second time.  The Ninth Circuit reversed his conviction as to counts 1, 2, 3, 7, and 8, but not as to counts 4, 5, 6, and 10.  After remand, the United States Attorney General dismissed the reversed counts.  On June 23, 2008, Rangel was sentenced on the remaining counts to 188 months in custody.  Rangel's third appeal was unsuccessful.

On January 29, 2013, Petitioner filed the Motion.  Petitioner asserts Constitutional violations based on claims of ineffective assistance of counsel, and the Court's failure to properly consider factors under 18 U.S.C. § 3553(a).  On June 12, 2013, Respondent filed an opposition. On March 3, 2014, after two motions for extension of time were granted, Petitioner filed a reply.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal sentencing court is authorized to discharge or re-sentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  This statute is intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court.  See United States v. Addonizio, 442 U.S. 178, 185 (1979); Hernandez v. Campbell, 204 F.3d 861, 864 n.4 (9th Cir. 1999).

The remedy available under § 2255 is as broad and comprehensive as that provided by a writ of habeas corpus.  See Addonizio, 442 U.S. at 184-85.  But this does not encompass all claimed errors in conviction and sentencing.  Id. at 187.  A mere error of law does not provide a basis for collateral attack unless the claimed error

"resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir. 1995) (quoting United States v. Timmreck, 441 U.S. 780, 783-84 (1979)).

### III.   DISCUSSION

Petitioner's Motion is based on six theories of alleged ineffective assistance of counsel and this Court's alleged abuse of discretion in sentencing. Respondent contends that the Motion is time barred and Petitioner's claims lack merits. The Court agrees with Respondent.

#### A.   The Motion is time barred.

A one-year statute of limitations applies to motions filed under 28 U.S.C. §2255. The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or;
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

In this case, the Ninth Circuit issued the mandate on Petitioner's third appeal on May 27, 2011. The judgment of conviction, therefore, became final on August 25, 2011, when the ninety-day period for filing a petition for a writ of certiorari expired. See Clay v. United States, 537 U.S. 522 (2003) (holding that if the prisoner's conviction is affirmed on direct appeal and he does not file a petition for a writ of certiorari, the judgment of conviction becomes final when the time expires for filing a petition for certiorari). Under section 2255(f), Petitioner's one-years statute of

limitations expired on August 25, 2012. Because he did not file the instant motion until January 29, 2013, the Motion is time barred.

Petitioner did not address this issue in his reply. Nevertheless, the Court assumes Petitioner would assert that he was unable to file the Motion within one year because he was confined to the Secure Housing Unit ("SHU"). However, after the Ninth Circuit issued the mandate on May 27, 2011, Petitioner was confined to the SHU for only 78 days—from November 11, 2011 until January 31, 2012. Even if one were to toll the statute of limitations for the entire 78-day period that Petitioner was confined in SHU, the limitations period would have expired on November 12, 2012. Because the Motion was not filed until January 2013, Petitioner's claims are still untimely.

### B. Petitioner's claims lack merit.

Assuming Petitioner's Motion was timely, Petitioner's claims lack merit. Petitioner's Motion raises the following six ineffective-assistance-of-counsel claims:

(1) counsel abandoned Petitioner, who was then unable to timely file a writ of certiorari;
(2) counsel failed to provide Petitioner with a copy of the plea agreement for a 8 U.S.C. § 1326 charge;
(3) counsel, on appeal, failed to object to Petitioner's allegedly miscalculated sentence;
(4) counsel, at sentencing, failed to present evidence of the government's alleged threats against witnesses;
(5) counsel failed to recognize that his second successful appeal required a "new trial"; and
(6) counsel failed to notice that he was incompetent to stand trial.

Petitioner also argues that this Court failed to properly consider factors under 18 U.S.C. § 3553(a) at sentencing.

In order to prevail on his claims for ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced his case. Strickland v. Washington, 466 U.S. 668, 690-92 (1984). In order to show that performance was deficient, Petitioner must prove that

counsel's performance was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52,56 (1985). To satisfy the second prong, Petitioner must show that but for the ineffective assistance of counsel, his case would have turned out differently. Strickland, 466 U.S. at 694.

As to his first ineffective-assistance claim, Petitioner alleges that his counsel abandoned him. However, Petitioner himself voluntary chose to proceed pro se. (*See Order Granting Withdrawal of Counsel* [Doc. 254].) Petitioner next claims that his counsel did not provide him with a copy of the plea agreement for a 8 U.S.C. § 1326 charge. But this case does not involve such a charge, and instead dealt with Petitioner's alien smuggling. Thus, there is no factual basis to support either of the first two claims.

With respect to Petitioner's claims that (1) his counsel was ineffective for failing to raise issues related to his allegedly miscalculated sentence; (2) his counsel was ineffective for failing to present evidence of the government's alleged threats against certain cooperating witnesses, and (3) this Court alleged failure to properly consider factors under 18 U.S.C. § 3553(a), each was already decided on Petitioner's direct appeals. See United States v. Rangel-Rodriguez, 267 F. App'x 679 (9th Cir. 2008); see also United States v. Rangel-Rodriguez, 420 F. App'x 686 (9th Cir. 2011).

Petitioner's fifth claim for ineffective assistance of counsel illustrates his misunderstanding of his second appeal. The Ninth Circuit's decision required a retrial only as to certain counts that the government dismissed after the case was remanded. Petitioner was not entitled to a retrial on the remaining counts for which he was sentenced, and thus this claim also lacks merit.

Finally, as to Petitioner's last ineffective assistance of counsel claim, the Court already found that he was competent to stand trial. [Doc. 46]. Therefore, the claim lacks merit.

//
//

1  IV.  CONCLUSION

2      For the foregoing reasons, the Court **DENIES** Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 [Doc. 256].   And because reasonable jurists would not find the Court's assessment of the claims debatable or wrong, the Court **DENIES** a certificate of appealability.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Clerk of the Court shall close the district court file.

    **IT IS SO ORDERED.**

DATED: July 1, 2014

                                        Hon. Thomas J. Whelan
                                        United States District Judge